IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

AMANDA SCHOENFELD,           )
                             )
            Plaintiff,       )
                             )
      v.                     )      No. 05-4368-CV-C-WAK
                             )
U.S. RESORT MANAGEMENT, INC.,)
                             )
            Defendant.       )

**ORDER**

A recorded telephone conference was held on August 23, 2006, to discuss pending motions. At the conclusion of the conference, the court stayed all further proceedings until a ruling on the motion to compel arbitration is issued. Accordingly, the first matter before the court is whether arbitration of this employment dispute is required.

Plaintiff Amanda Schoenfeld filed suit on November 2, 2005, claiming gender discrimination and retaliation. The court entered a scheduling order and discovery commenced in March 2006. Thereafter, on May 31, 2006, defendant filed a motion to compel arbitration based upon an arbitration provision contained in a pre-employment document signed by plaintiff. Plaintiff opposes mandatory arbitration on several grounds.

Defendant asserts the arbitration provision is included in a form[1] signed by plaintiff on June 8, 2004. The paragraph provides that "any legal complaint or dispute" . . . "regarding my employment, my application for employment, or any termination from employment, will be submitted exclusively to binding arbitration by a panel of either one or three neutral arbitrators." (Doc. 41-2.) The paragraph states it is intended to be enforceable under the Federal Arbitration Act and provides for arbitration to occur in Charlotte, North Carolina, the capital of the state where plaintiff is employed, or at a place agreeable to all parties.

Plaintiff Schoenfeld admits she signed the agreement, but claims she did not read or understand it at the time she signed it. She asserts the paragraph is vague and ambiguous in

---

[1] The form is titled "Section 3 - Assigned Employee Acknowledgments."

many respects, and defendant should be precluded from relying upon the provision because it unduly delayed bringing the motion to compel.

"The Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq., declares a 'liberal federal policy favoring arbitration agreements.'" Lyster v. Ryan's Family Steak Houses, Inc., 239 F.3d 943, 945 (8th Cir. 2001). "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed. §§ 3, 4." Dean Witter Reynolds, Inc. v. Byrd , 470 U.S. 213, 218 (1985).

The FAA applies to arbitration agreements in employment contracts. See Circuit City Stores, Inc. v. Adams, 532 U.S. 105 (2001). Accordingly, a "dispute must be submitted to arbitration if there is a valid agreement to arbitrate and the dispute falls within the scope of that agreement." Lyster v. Ryan's Family Steak Houses, Inc., 239 F.3d at 945. To determine if the agreement is valid, the court looks at the contract law of the relevant state. See Gannon v. Circuit City Stores, Inc., 262 F.3d 677, 680 (8th Cir. 2001).

A contract is enforceable under Missouri law if there is an offer, an acceptance of the offer, and consideration. Here, plaintiff applied for employment and signed the form which contained the arbitration provision. Plaintiff's signature on the document and her acceptance of employment for monetary compensation indicate her agreement to be bound by the provision. Other courts have found that such a written agreement constitutes an enforceable contract under Missouri law. See Patterson v. Tenet Healthcare, Inc., 113 F.3d 832, 835 (8th Cir. 1997).

After carefully reading the arbitration paragraph, considering the parties' suggestions in support of and opposition to arbitration, and review of the Federal Arbitration Act and case law, the court finds defendant's motion to compel arbitration should be granted. The paragraph clearly states that an employment dispute such as this is subject to binding arbitration. Plaintiff signed the agreement and commenced work. The intent of the parties to submit to arbitration is not vague or ambiguous.

Plaintiff asserts, in part, that the provision should not be enforced because it does not set forth the procedure to be followed. The paragraph states arbitration shall be held "by a panel of either one or three neutral arbitrators." (Tr. 41-2.) If the arbitration agreement does not provide

2

a method for appointment of the arbitrators, then under 9 U.S.C. § 5, the court will make the appointment upon application of a party.

Based upon the pleadings and discussions at conferences, the court believes the parties have had difficulty or been unable to reach agreement on many of the issues that have arisen in this lawsuit. In light of this history, it seems appropriate to give the parties fourteen days to mutually decide whether (1) they will use one or three arbitrators, and (2) they can agree to and obtain those arbitrators without further court intervention. If the parties cannot do so, the court will deem that inability as a request for the court to make those determinations. If the court makes those decisions, it will require the parties to arbitrate in Jefferson City, Missouri, which is the capital of the state of plaintiff's employment. Absent consent by the parties, the portion of the arbitration clause providing for arbitration in Charlotte, North Carolina, is unduly burdensome.

There are also several motions relating to discovery and requesting sanctions which require ruling. First, plaintiff asserts defendant failed to disclose or delayed disclosure of several important documents, and the delay prejudiced plaintiff in the sense that additional discovery, with additional expense, is now required. Plaintiff requests an award of attorney fees and sanctions pursuant to the rules.

Defendant has not offered an explanation for being less than forthcoming and prompt in discovery, even though defendant, through its employees, was aware of the documents. Defense counsel assures the court and plaintiff that the documents were provided as soon as counsel became aware of them. These circumstances place defense counsel in an awkward position, increase the costs of litigation for all parties, and contribute to a distrust of the completeness of discovery by plaintiff and plaintiff's counsel.

At least as a partial result of this appearance of intentional delay or withholding of discovery, plaintiff's counsel has proceeded in a manner that has furthered discord. Informal agreements cannot be or have not been reached between counsel and the parties. Flexibility in scheduling has not been accommodated. Considerable additional attorney time has been spent by both sides on collateral matters, and the court has been required to formally address matters that generally should have been handled without court intervention.

3

The court also notes some of the additional costs may be attributed to the delay by defendant in raising the motion to compel arbitration.

Federal Rule of Civil Procedure 37 authorizes the court to compel discovery, to sanction the party who was not substantially justified in withholding or delaying discovery, and to award attorney fees related to the motion to compel. In Document 43, plaintiff requests $10, 803.25 and in Document 31, plaintiff requests $6,590.50 for attorney fees, costs and expenses.

The overall tone of the pleadings and discussions indicates this is not a one-sided problem. Plaintiff's counsel's inability to work creatively and patiently with defense counsel has caused some of the increase in costs, and it would not be fair to place all of the blame for these difficulties on defendant. Nevertheless, defendant's failure to be more cooperative and forthcoming in discovery played a significant role in creating the problem. Thus, after careful consideration of the pleadings and the history of this case, plaintiff is awarded $2,500.00 in costs and attorney fees as a sanction for defendant's failure to properly participate in discovery and to comply with the rules.

Next, defendant seeks leave to supplement its Rules 26 and 34 disclosures. The documents at issue appear to be relevant and matters for which plaintiff desires additional discovery. Thus, the motion is granted.

Finally, in light of mandatory arbitration, defendant's motion for summary judgment and plaintiff's motion for an extension of time to respond to the motion for summary judgment are moot.

After consideration, it is

ORDERED that defendant's motion to compel binding arbitration is granted, with the arbitration to be held in Jefferson City, Missouri, or in a location mutually agreeable to the parties. [33] It is further

ORDERED that within fourteen days, the parties shall confer and attempt to reach agreement on the location of arbitration, the number of arbitrators, who those arbitrators will be, and to find out whether those individuals are willing to arbitrate this dispute. It is further

ORDERED that within twenty-one days, the parties shall notify the court, in writing, of the results of their efforts. It is further

ORDERED that if the parties do not reach mutual agreement on the issues set forth above and timely notify the court, the court will deem that as a request for the court to make those determinations and to appoint an arbitrator or arbitrators, pursuant to 9 U.S.C. § 5. It is further

ORDERED that the court will retain jurisdiction over this matter, and proceedings will be stayed, pending resolution of arbitration. It is further

ORDERED that within thirty days after the completion of arbitration, the parties notify the court of the status and whether this case is ready for dismissal. It is further

ORDERED that defendant's motion of May 31, 2006, for summary judgment, and plaintiff's motion of June 21, 2006, for an extension of time are denied as moot. [34, 44] It is further

ORDERED that defendant's motion of July 17, 2006, for leave to file a sur-reply to plaintiff's request for sanctions and other relief is granted. [51] It is further

ORDERED that plaintiff's requests for discovery sanctions are granted, in part, and plaintiff is awarded the amount of $2,500.00 for attorney fees and costs as a sanction against defendant for engaging in improper discovery to hinder or delay the proceedings in this case. [25, 26, 43] It is further

ORDERED that defendant's motion of June 12, 2006, to supplement its production of records under Rules 26 and 34 is granted. [32]

Dated this 19th day of September, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

5