WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| AMANDA SCHOENFELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-4368-CV-C-NKL |
| | ) |
| U.S. RESORT MANAGEMENT, INC., | ) |
| and STRATEGIC OUTSOURCING, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Pending before the Court is Strategic Outsourcing, Inc.'s ("SOI") Motion to Dismiss [Doc. 115]. The Motion is denied.

Plaintiff Amanda Schoenfeld ("Schoenfeld") filed an EEOC charge against Defendant U.S. Resort Management, Inc., on January 12, 2005. She received a right to sue letter and subsequently filed this action against U.S. Resort Management, Inc., on November 2, 2005. In her charge before the EEOC, she did name SOI as a respondent. Likewise, when she originally filed this suit in Federal Court she only named U.S. Resort Management, Inc. as a defendant, believing that company to be her employer. On January 2, 2007, Plaintiff filed a Motion to Amend her complaint to join SOI as a defendant after learning that SOI and U.S. Resort Management, Inc., had a contract which allegedly made them dual employers of Schoenfeld. That motion was granted on April 26, 2007.

SOI contends that Schoenfeld's claim against it should be dismissed because no

EEOC charge has ever been filed against SOI and it was not named in this action within ninety days of the EEOC issuing a right to sue letter to Schoenfeld. Therefore, SOI contends that Schoenfeld has failed to exhaust her administrative remedies and the statute of limitations has run on any claims that she might have against SOI.

In response, Schoenfeld argues that SOI was on notice of the EEOC charge and in fact assisted U.S. Resort Management, Inc., in its response to Schoenfeld's EEOC charge. Given this identity of interest, Schoenfeld argues that her EEOC charge against U.S. Resort Management, Inc., should be imputed to SOI for purposes of the exhaustion of remedies requirement contained in Title VII.

It is well established in the Eighth Circuit that failure to exhaust an administrative remedy is an affirmative offense. *See Miles v. Bellfontaine Habilitation Ctr.*, 481 F.3d 1106, 1110 (8th Cir. 2007). Therefore, the burden of proof on that defense is on SOI. It is also clear that in some circumstances administrative exhaustion as to one entity will be imputed to another. *See Greenwood v. Ross,* 778 F.2d 448, 450-51 (8th Cir. 1985), *Kizer v. Curators of University of Missouri*, 816 F. Supp. 548, 551 (E.D. Mo. 1993). Generally, the Court looks at the following factors to determine when two entities will be treated as one for purposes of administrative exhaustion: "(1) the similarity of interest between the named and unnamed party; (2) whether the unnamed party's identity could have been ascertained by the plaintiff at the time of the EEOC filing; (3) whether the unnamed party received adequate notice of the charges; (4) whether the unnamed party had adequate opportunity to participate in reconciliation proceedings; and (5) whether exclusion from the EEOC proceedings actually work a prejudice on the unnamed party." *Gordon v.*

*MCG Health, Inc.*, 301 F. Supp.2d 1333, 1338 (S.D. Ga. 2003). *Also see Virgo v. Riviera Beach Associates, Ltd.*, 30 F.3d 1350, 1358-59 (11th Cir. 1994).

While the parties have presented evidence as to some of these factors, other factors have not been addressed except by argument of the parties. For example, Schoenfeld says that SOI had notice and was involved in the investigation of her claim before the EEOC Commission. But Schoenfeld does not submit evidence to support that claim probably because SOI filed a Motion to Dismiss. Schoenfeld had no obligation to provide evidence in response to a Motion to Dismiss which is intended to be resolved on the face of the pleadings. Given the complex factual issues that must be resolved to determine whether there is sufficient identity of interest between U.S. Resort Management, Inc., and SOI, this dispute is more appropriately handled by a motion for summary. This is particularly so because SOI's administrative exhaustion defense is an affirmative defense that SOI has the burden of proof on at trial.

Likewise, SOI's statute of limitation defense is dependent on factual questions. This is because Fed. R. Civ. P. 15(c) permits an amendment to relate back to the original filing of the lawsuit if

> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if . . . within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c)(3). SOI also has the burden of proof on its statue of limitations

defense.

Thus, there is substantial factual overlap between SOI's failure to exhaust administrative remedies and statute of limitations defenses. As previously explained, these factual disputes are not appropriately considered in a motion to dismiss.

Finally, SOI has now filed a Motion for Judgment on the Pleadings based on the doctrine of collateral estoppel. Resolution of that motion may make it unnecessary for the Court to determine the validity of SOIs' affirmative defenses.

Accordingly, it is hereby

ORDERED that Defendant Strategic Outsourcing, Inc.'s Motion to Dismiss [Doc. 115] is DENIED.

s/ NANETTE K. LAUGHREY  
NANETTE K. LAUGHREY  
United States District Judge

Dated:   August 16, 2007
Jefferson City, Missouri