IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| AMANDA SCHOENFELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-4368-CV-C-NKL |
| ) | |
| U.S. RESORT MANAGEMENT, INC., ) | |
| and STRATEGIC OUTSOURCING, INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Defendant U.S. Resort Management, Inc. ("U.S. Resort"), moves to confirm an arbitrator's judgment against Amanda Schoenfeld under 9 U.S.C. § 9 [Doc. # 123] and also moves to confirm the arbitrator's amended award including $3,485.65 in costs [Doc. # 138]. Additionally, U.S. Resort moves for prevailing party attorney's fees under 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d) [Doc. # 124]. Further, defendant Strategic Outsourcing, Inc. ("SOI"), moves for judgment on the pleadings based on collateral estoppel [Doc. # 126]. The Court now orders additional briefing on the question of its jurisdiction to confirm the arbitration award. The Court also grants SOI's motion for judgment on the pleadings and denies U.S. Resort's motion for attorney's fees.

**I.     Procedural Background**

1

Amanda Schoenfeld sued her former employer, U.S. Resort, on November 2, 2005, for sex discrimination and retaliation under Title VII. On September 19, 2006, United States Magistrate Judge William A. Knox granted U.S. Resort's request to compel arbitration. On April 26, 2007, the Court allowed Schoenfeld to amend her complaint to join SOI as a defendant. However, SOI was not a party to the arbitration. On July 5, 2007, the arbitrator granted judgment for U.S. Resort on all six counts in Schoenfeld's complaint. On July 26, 2007, U.S. Resort moved to confirm judgment in this Court under 9 U.S.C. § 9 of the Federal Arbitration Act. It also filed a concurrent motion requesting attorney's fees. SOI moved for a judgment on the pleadings, arguing Schoenfeld's claims against it were precluded by collateral estoppel based on the arbitrator's decision. On September 24, 2007, U.S. Resort filed a second motion to confirm, this time to include costs found by the arbitrator.

**II.     Discussion**

    **A.     U.S. Resort's Motions to Confirm Judgment**

U.S. Resort asks that the Court to confirm its arbitration award against Schoenfeld. Under 9 U.S.C. § 9, such a request may be made "at any time within one year after the award is made." Schoenfeld responds that the request to confirm is premature because under 9 U.S.C. § 12, she has three months after the arbitrator's decision to file a motion to vacate, modify or correct the award. Thus, she claims she has until October 5, 2007, to file her motion to vacate, and U.S. Resort may not move to confirm before then.

In a footnote to her response, Schoenfeld asserts that if this Court does not deny U.S. Resort's motion, she intends to submit another motion arguing this Court lacks jurisdiction

to confirm the arbitrator's order because there was no express affirmative agreement by the parties providing for judicial confirmation. *See* Response to Defendant U.S. Resort Management, Inc.'s Motion to Confirm Judgment at 3 n.2 [Doc. # 132] (citing *Local Union No. 387 v. Roberts Dairy*, 294 F. Supp.2d 1050 (S.D. Iowa 2003)). Jurisdiction is a threshold question. *See Riley v. United States*, 486 F.3d 1030, 1032 (8th Cir. 2007). Federal courts are courts of limited jurisdiction and are "presumed to be without jurisdiction until the contrary is made affirmatively to appear." *Young v. Main*, 72 F.2d 640, 642 (8th Cir. 1934); *see also Oglala Sioux Tribe v. C & W Enters., Inc.*, 487 F.3d 1129, 1130 (8th Cir. 2007).

Thus, U.S. Resort is ordered to brief the issue of whether the Court has jurisdiction to confirm the arbitrator's order under 9 U.S.C. § 9 by **October 12, 2007**. Schoenfeld's response brief is due **October 19, 2007**, and U.S. Resort's reply brief is due **October 24, 2007**.

Finally, in her response, Schoenfeld explains she intends to file a motion to vacate before October 5, 2007. Because the original arbitration was decided July 5, 2007, Schoenfeld is reminded that she only has **until October 5, 2007**, to file her motion to vacate. The fact that a second motion to confirm has been filed does not extend the time for Schoenfeld to file a motion to vacate the arbitrator's order denying Schoenfeld relief.

### B. U.S. Resort's Motion for Attorney's Fees

U.S. Resort also requests $3,205 in costs from Schoenfeld, under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. In its motion, U.S. Resort claims these costs were incurred before the Court granted its motion to compel arbitration on September 19, 2006. However, prior to

3

filing this motion for costs in this Court, U.S. Resort filed the same motion for attorney's fees with the arbitrator. U.S. Resort explains that there is a question as to whether the arbitrator will impose an assessment of the pre-September 19, 2006, costs because at that time the matter was before the Court, not the arbitrator. Because this motion is currently before the arbitrator, and also because neither party argues that the arbitrator is not the proper adjudicator of these sanctions, this Court will not consider U.S. Resort's motion for attorney's fees at this time.

### C. SOI's Motion for Judgment on the Pleadings

SOI moves for a judgment on the pleadings against Schoenfeld based on defensive collateral estoppel. A motion for judgment on the pleadings should be granted "only if no material issue of fact is presented by the pleadings[; a] judgment will not be rendered on the pleadings unless the right thereto is clear and should be given only if the merits can be determined in that manner." *Roemhild v. Jones*, 239 F.2d 492, 494 (8th Cir. 1957) (quoting 1 Barron & Holtzoff, Federal Practice and Procedure § 359); *see also Mitchell v. Hartnett*, 262 F. Supp.2d 153, 154-55 (S.D.N.Y. 2003) (granting motion for judgment on the pleadings based on application of collateral estoppel). The standard for a judgment on the pleadings is essentially the same as for a motion to dismiss: The motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief" and the court "must take the well-pleaded allegations of the complaint as true, and construe the complaint, and all reasonable inferences arising therefrom, most favorably to

4

the pleader." *St. Paul Ramsey County Med. Ctr. v. Pennington County, S.D.*, 857 F.2d 1185, 1187-88 (8th Cir. 1988).

Schoenfeld asserts SOI's motion should be denied because there are material issues of fact yet to be resolved, pointing to language from this Court's August 16, 2007, Order [Doc. # 131] denying SOI's motion to dismiss. However, the subject of that Order was whether Schoenfeld's claim should be dismissed for failing to exhaust her administrative remedies. The Court found that the Motion to Dismiss should be denied because factual disputes precluded the Court from resolving the question of whether Schoenfeld's EEOC charge against U.S. Resort should be imputed to SOI for the purpose of Title VII's exhaustion of remedies requirement. The Court noted that failure to exhaust an administrative remedy is an affirmative defense, which SOI had the burden to prove, making that issue more appropriate for summary judgment. The Court also stated: "Finally, SOI has now filed a Motion for Judgment on the Pleadings based on the doctrine of collateral estoppel. Resolution of that motion may make it unnecessary for the Court to determine the validity of SOIs' affirmative defenses." As suggested by that statement, the exhaustion of remedies issue would never be reached if collateral estoppel precluded Schoenfeld's substantive claim against SOI. Any factual disputes concerning the exhaustion of administrative remedies are therefore irrelevant to the collateral estoppel issue now before the Court, and the Court turns to the question of whether collateral estoppel does preclude Schoenfeld's claim against SOI.

5

SOI claims non-mutual defensive collateral estoppel should apply in this case, thus precluding Schoenfeld from relitigating the same issues already found by the arbitrator. *See United States v. Mendoza*, 464 U.S. 154, 159 n.4 (1984) ("Defensive use of collateral estoppel occurs when a defendant seeks to prevent a plaintiff from relitigating an issue the plaintiff has previously litigated unsuccessfully in another action against the same or a different party."). Collateral estoppel is appropriate where: "(1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue." *Oldham v. Pritchett*, 599 F.2d 274, 279 (8th Cir. 1979) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979)). Contrary to Schoenfeld's assertions, it is immaterial that SOI was not a party to the arbitration; the mutuality requirement was excised from the collateral estoppel doctrine long ago. *See id.* (stating that "(the) nullification of the mutuality requirement renders adversity irrelevant to the doctrine of collateral estoppel"); *see also Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 327-29 (1971) (abandoning mutuality requirement for defensive collateral estoppel).

In the present case, Schoenfeld's claims against SOI are identical to her claims against US. Resort. In her Motion to Amend Complaint to Join Parties [Doc. # 69], Schoenfeld admitted that "the claims against SOI and the individuals in Plaintiff's Amended Complaint, if permitted, will be the same as the claims asserted in her original Complaint against [U.S. Resort]." Thus, to be successful in this suit against SOI, she must prove either sexual

6

discrimination, retaliation or a hostile work environment–the same issues on which she was unsuccessful in her suit against U.S. Resort. There is identity of issues.

In addition, the arbitrator's award is a final judgment for collateral estoppel purposes, *Manion v. Nagin*, 394 F.3d 1062, 1066 (8th Cir. 2005), and Schoenfeld was a party to the arbitration. Schoenfeld had a full and fair opportunity to be heard before the arbitrator on all of the issues in her complaint, and she has not presented any evidence to prove that the arbitration process did not permit her to fully and fairly litigate her claims. Therefore, because the arbitrator in the U.S. Resort arbitration already decided the issues necessary to establish Schoenfeld's claim against SOI, Schoenfeld is precluded from relitigating the same issues against SOI. Schoenfeld can show no set of facts that would entitle her to recover against SOI because all issues were resolved against her in the U.S. Resort arbitration.

## III. Conclusion

Accordingly, it is hereby

ORDERED that Defendant U.S. Resort Management, Inc., brief the issue of whether the Court has jurisdiction to confirm the arbitrator's order under 9 U.S.C. § 9 by **October 12, 2007**. Plaintiff Amanda Schoenfeld's response brief is due **October 19, 2007**, and U.S. Resort's reply brief is due **October 24, 2007**. It is further

ORDERED that Plaintiff Schoenfeld's motion to vacate, modify or correct the arbitration award is due by **October 5, 2007**. Neither the jurisdictional briefing schedule nor the second motion for confirmation extends the three-month time frame provided under 9 U.S.C. § 12. It is further

ORDERED that Defendant Strategic Outsourcing, Inc's Motion for Judgment on the Pleadings [Doc. # 126] is GRANTED. It is further

ORDERED that Defendant U.S. Resort Management, Inc's Motion for Costs [Doc. # 124] is DENIED.

                                                  s/ Nanette K. Laughrey
                                                  NANETTE K. LAUGHREY
                                                  United States District Judge

Dated: October 4, 2007
Jefferson City, Missouri

8

Case 2:05-cv-04368-NKL   Document 140   Filed 10/04/07   Page 8 of 8